J. H. GARRISON v. J. H. TINLEY AND J. H. JUSTICE.

*Ejectment—Evidence—Estoppel.*

1. Where, in an action to recover land, a record of proceedings for the sale of land to which plaintiff was a party, was relied upon as an estoppel against the plaintiff, and there was nothing in the record to show that the land to which the proceedings related was the same as the land for which this action was brought: *Held*, that such record cannot be admitted as an estoppel against the plaintiff.

2. Recitals in a deed made by a commissioner of Court in proceedings to which plaintiff was a party, containing no reference to the description of the land described in the petition, are not evidence of the identity of the land sued for with that described in the petition.

CIVIL ACTION for the recovery of land, tried before *Bynum, J.,* and a jury, at the Fall Term, 1891, of the Superior Court of HENDERSON County.

The complaint and answer were as follows:

The plaintiff complains of the defendant and alleges—

1. That the plaintiff is the owner in fee and entitled to the immediate possession of a certain tract of land in Henderson county, on Main Broad River, adjoining the land of John Casey, deceased, and others, and bounded as follows: Beginning on a maple near the Broad River bridge, and runs near north to the turnpike road; thence east to a branch, with the road; thence with the branch to the river; thence with the river to the beginning, containing one acre, more or less.

2. That defendant is in the unlawful possession of said land and withholds the same from the plaintiff, and by reason of such unlawful possession has damaged the plaintiff a large sum, to-wit, the sum of $150—$50 rents, and $100 damages for waste.

Plaintiff asks for judgment declaring him the owner of said land, for $50 damage for detention of said land, and for costs.

The defendants, in answer to the complaint, say—

1. That the facts set forth in paragraph first of said complaint are not true.

2. That the facts set forth in the second paragraph of said complaint are not true.

Wherefore defendants ask to be discharged and recover their cost.

The plaintiff, by a regular chain of title, showed title in himself and a *prima facie* right to recover.

In his chain of title plaintiff showed a bond for title to his grantor, T. C. Bradley, dated 6th March, 1877, and a deed in pursuance of said bond, dated 14th June, 1881, and a deed to himself from T. C. Bradley, dated November 10th, 1890.

Plaintiff then introduced evidence to show the annual rental value to be $25 to $30, and rested his case.

The defendants introduced a deed from T. J. Rickman, administrator of J. H. Bradley, to J. H. Justice, dated 2d August, 1886, which it was admitted covered the *locus in quo*.

The defendants then offered the records and proceedings of the Superior Court of Henderson County in the case of T. J. Rickman, administrator of J. H. Bradley, against N. H. Bradley and others, including T. C. Bradley, who is admitted to be the same person from whom plaintiff claims title.

These proceedings seem to be regular—all the defendants served with summons and all necessary orders made for the sale of the land of J. H. Bradley, the intestate, for assets, the report of sale to defendant J. H. Justice, and order of confirmation—except the writ of possession issued by the

Clerk, which the Court does not approve, but which has no effect upon the question now before it.

The description, in the petition, of the land sought to be sold differs from that in the deed made in pursuance thereof. That in the petition is as follows: "A certain lot or parcel of land lying between Broad River and the Asheville and Rutherfordton road (Hickory Nut Gap road), just below Broad River bridge, it being the lot upon which the said J. H. Bradley did business just prior to his death, containing about one-half acre, or thereabout." The description in the deed from T. J. Rickman, administrator, to J. H. Justice is as follows: "A tract or parcel of land in the county of Henderson and State of North Carolina, adjoining the lands of and being part of the John Casey lands, and others, and bounded as follows, viz.: Beginning at a maple on the Broad River, near the Broad River bridge, and runs nearly north to the turnpike road; thence east with the road to the branch; thence with the branch to the river; thence with the river to the beginning, containing one acre, more or less, being the property where the said J. H. Bradley lived up to the time of his death."

The defendants offered the deed and record above for the purpose of showing that the title to the land in dispute had been adjudicated as being in J. H. Bradley, deceased, at his death, and that plaintiff, claiming under T. C. Bradley, subsequent to said proceedings, was bound by them, and estopped to deny the title of J. H. Justice. The plaintiff objected to the introduction of said records upon many grounds not necessary now to be stated.

The defendants failed to show any title either in law or equity to this land in the name of J. H. Bradley, and relied solely upon the estoppel to defeat the plaintiff's claim.

In deference to an intimation of the Court the plaintiff suffered a nonsuit, and appealed.

*Mr. J. M. Gudger, Sr.*, for plaintiff (appellant).
*Messrs. W. A. Smith* and *Busbee & Busbee*, for defendants.

MACRAE, J. (after stating the facts as above): There is no testimony to show that the land described in the petition is the same as that for the possession of which this action is brought, unless it be that the recitals in the deed from Rickman, administrator, to Justice are evidence to connect the two descriptions; and we know of no rule of evidence nor statute, as in the case of burned records (*The Code*, §69), to impart this extraordinary effect to said recitals, the same making no reference to the description in the petition. It follows that the record relied on as an estoppel may relate to an entirely different tract of land. This renders it unnecessary for us to consider the interesting questions presented on the argument.

Taking the evidence, as we must do, in the most favorable view for the plaintiff in which it could be considered, there was error in the intimation of his Honor. The judgment of nonsuit must be reversed and a new trial granted.

New Trial.